### Chas. Rochell v. The State.

No. 4456. Decided January 20, 1909.

**1.—Theft—Charge of Court—Lost Property.**

Where upon trial of a misdemeanor theft the court properly charged on the question of lost property, and that defendant could not be convicted unless at the time he found the same he had the fraudulent intent to appropriate, etc., there was no error in refusing requested charges on the same subject.

**2.—Same—Sufficiency of the Evidence.**

Where upon trial for theft the evidence showed that the property recently stolen or lost was found in the possession of the defendant and that the

defendant concealed the same, etc., the verdict was sustained although there was also testimony to the contrary.

Appeal from the County Court of Van Zandt. Tried below before the Hon. John S. Spinks.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $25 and five days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Van Zandt County on the charge of theft of one watch, the property of H. M. Hart, of the alleged value of $28, and was by the jury found guilty and his punishment assessed at a fine of $25 and five days confinement in the county jail.

1. On appeal a reversal is urged mainly because of the failure of the court to give certain special charges requested by appellant—all of which appear in the transcript. These charges mainly relate to the law in respect to the theft of lost property. It is doubtful if this issue was in the case. The prosecuting witness had left the watch in question in the closet belonging to his employer, and which he testified was a private closet, and that the property was in no sense lost but that he knew where he had left it. However, at the request of appellant, the court gave the following charge on this issue which was incorporated in his general charge; and which, while perhaps, not verbally accurate in all respects, is a substantially correct statement of the law on this issue: "But to constitute the finding of lost property theft, the intent to deprive the owner of his property and to appropriate it to his own use and benefit must have existed in the mind of the finder at the time he fraudulently took possession of it. If the intent to steal did not exist at the time of the finding and fraudulent taking in the first instance, no subsequent intent to steal it will render the original taking theft. Now, if you believe from the evidence that the alleged stolen property was lost, that defendant found it, then and in that event he can not be convicted of the theft of it unless you believe from the evidence, beyond a reasonable doubt, that at the time he found it, he fraudulently took it at that time with intent to deprive the owner of the value of it, and to appropriate it to his own use or benefit, and unless you so believe, you will acquit the defendant."

2. The only other substantial ground of the motion for new trial is, that the verdict of the jury is contrary to and unsupported by the evidence. It must be conceded that it is a close case and there is much evidence in the record from which an inference and conclusion favorable to appellant might be deduced, though, on the contrary

there is some evidence, and we think sufficient, to have warranted the jury in finding appellant guilty. That the watch was lost by the prosecuting witness, and the same had been taken by some person is beyond doubt. That it was in the possession of appellant is. also shown. He claims that he found it at the place where it was lost. He admits that he made no inquiry and no effort to ascertain the owner. It is shown by the testimony of other witnesses that while in the town of Grand Saline where the property was taken, appellant wore the property concealed, and where it could not be seen; but after his removal to Mineola and later to Alba, he wore the watch carrying it as a watch is ordinarily carried. When his possession of the property was challenged by the deputy sheriff and its return demanded, he declined to surrender it, but stated that he would hold it for the owner. There is other testimony, mostly by persons who are related to appellant, that he stated on the day the property was lost that he had found it. As attacking his credibility it is shown that he had been in the penitentiary for a term of two years for counterfeiting. The evidence is not strong against him, and yet we would scarcely be justified, we think, in view of the finding of the jury and in view of the action of the court in approving their verdict, in setting it aside on a question of fact. It is only in cases where the testimony taken altogether is so slight as to furnish no basis for any fair inference of guilt, or where the testimony of innocence is so overwhelmingly in favor of the accused as that two honest minds could not differ as to the result, that we would be justified in interfering and setting aside conviction in the trial courts.

It is therefore ordered that the judgment of the court below be and the same is hereby affirmed.

*Affirmed.*