### ED. HOLLAND v. THE STATE.

No. 5492.   Decided November 26, 1919.

Rehearing granted March 10, 1920.

**1.—Theft—Recent Possession—Explanation—Sufficiency of Evidence.**

Where, upon trial of theft of a watch under the value of fifty dollars, the evidence showed that the defendant appropriated a certain watch which he found as janitor of a hotel, and when charged with the ownership made no explanation or denial that the same was his, and admitted that if no one had made any claim he had intended to keep the watch, the proof of fraudulent intent was sufficient. Following: Rochell v. State, 55 Texas Crim. Rep., 152.

**2.—Same—Ownership—Rehearing—Possession—Insufficiency of the Evidence.**

Where, upon trial of theft of a watch, the evidence showed that the defendant found the same as janitor in a hotel, and the indictment charged the ownership in the person to whom it had been sent by mail but also showed that the same had not been delivered to him, but that the care, control and management of the watch when lost or taken was in the mail carrier, the conviction cannot be sustained.

**3.—Same—Ownership—Possession—Lost Property—Rule Stated.**

When property is lawfully in possession of one person, and is by him lost or misplaced, it is believed that such right of possession in the loser, as far as the law of theft is concerned, would continue until interrupted or changed in some sufficient manner.

**4.—Same—Pleading—Practice in County Court—Ownership.**

Where there was some doubt as to the ownership and possession of the alleged stolen property, the pleader in order to meet proper proof of ownership should have so drawn the information.

Appeal from the County Court of Bexar.   Tried below before the Hon. Nelson Lytle, judge.

Appeal from a conviction of theft under the value of fifty dollars; penalty, a fine of ten dollars and one-half day confinement in the county jail.

The opinion states the case.

*Forrest Campbell,* for appellant.—On question of ownership: Pyland v. State, 33 Texas Crim. Rep., 382; Kelley v. State, 67 Texas Crim. Rep., 72, 149 S. W. Rep., 110; McDonald et al. v. State, 68 Texas Crim. Rep., 410, 152 S. W. Rep., 1061; Otero v. State, 17 S. W. Rep., 1081; McKnight v. State, 70 Texas Crim. Rep., 470, 156 S. W. Rep., 1188; Tinney v. State, 5 S. W. Rep., 831.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was charged with the theft of a watch belonging to one Willie Beard, the same being of the value of $20; it being alleged that said watch was taken from the possession of said Beard, in Bexar County, Texas, on December 25, 1918.

It appears from the exceedingly brief statement of facts that appellant was janitor of the Gunter office building, in San Antonio, in room 230 of which building the alleged owner had his office.

On the trial, appellant testified that about the date in question, he found a powder or perfume box in the hallway on the second floor of said building; that on investigation he found that said box contained a watch, which he put on his chain and in his pocket, and which is the watch in question; that he made no report of finding said watch to the manager of the building, and made no effort to find the owner thereof; that he intended to keep the watch unless some one made claim of it; and that he wore the watch until arrested on February 16, 1919. It appears that on that day appellant went into the office of said Beard, pulled the watch out of his pocket, and compared its time with that of a clock on the wall. Beard saw the watch and recognized it as his own, and said to appellant: "Let me look at your watch, Ed." Appellant handed the watch to Beard, who looked at it, and returned it to appellant, who put it back into his pocket and went on out. Later in the day the officers went to appellant and approached him about the watch, which he pulled out of his pocket with the statement that he found it on the second floor of the Gunter Building, in front of the elevator.

The case was tried before the court without the interposition of a jury.

It is contended by the appellant here that the allegation of possession in Beard is not sustained by the proof, and that it is not shown that appellant intended to appropriate the property in such manner as to make his taking, theft. We think the evidence sufficiently shows that if it be admitted that the property was found in the hallway, and on the same floor of said building as that on which the office of Mr. Beard was situated, that the same would be in his constructive possession, which is sufficient to meet the demands of the law of theft. Robinson v. State, 11 Texas Crim. Rep., 407. Property that has been mislaid or misplaced or lost, is in the constructive possession of the owner until that possession has been interfered with by the asser-

tion of some care, management, and control thereof by another person.

It is also made to appear, as stated, that in spite of his position as caretaker and janitor of said building, which would seem to impose upon appellant the duty or obligation to at least report the finding of property in the building to those who had charge of its management, that no such report was made, and no inquiry set on foot of any one of the occupants of the building.

We further observe that when appellant was charged with the ownership of the watch, by the question and request of Br. Beard, above quoted, that he made no expanation or denial that the watch was his. He also admits that if no one had made any claim upon the watch, he intended to keep it. It is difficult for us to see how any claim could be expected by him for a watch which he carried in his pocket. We think the facts in this case very similar to those in the Rochell case, 55 Texas Crim. Rep., 152, which was affirmed by this Court. We cannot agree with the contention made by counsel for appellant, and finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

March 10, 1920.

LATTIMORE, JUDGE.—This case is before us upon appellant's motion for rehearing, and upon a more mature reflection, we have concluded that we were in error in holding that the evidence sufficiently showed that the alleged stolen watch, when taken, was in the possession of Mr. Beard, the alleged owner thereof.

It seems, upon a more careful scrutiny of the record, that the watch had been sent to Mr. Beard by his mother, through the mail, and when the package supposed to have contained the same, reached the office of Mr. Beard, same was delivered to Mr. Langford, a brother-in-law of Mr. Beard, who states that the package was then in bad condition; that the wrapper was broken, and that he told the parcels post carrier, who brought said package to the office, that if anything was missing, a claim would be entered. therefor, as the package was insured. This witness states that at that time he had never seen or had possession of said watch; and nothing appears from any evidence, from which we could infer as a fact that the watch was in the package when same was delivered at said office by the carrier. There is no other evidence in the record showing such to be the fact, or that the watch was in fact ever in the actual possession of Mr. Beard.

The Postal delivery clerk who carried said package to the office of Mr. Beard, was not placed upon the witness stand, nor did Mr. Beard testify that when he examined the package, the watch was gone, or

that it was present, or give any testimony relative to said package. Appellant testified that when he first saw the watch in question, he found the same in a little box lying out in the hall of the second floor of the Gunter building, of which he was janitor, near the elevator. Under the circumstances, we have concluded that the care, control, and management of the watch, when lost or taken, was in the mail carrier, and would remain in him until the same had been delivered to the real owner or at his office, or there be something to show that the right of possession of said mail carrier was interfered with or changed. All the evidence before us tends to show that the last lawful possession of said property was in said mail carrier, and we think the allegation of ownership should have been properly laid in him. When property is lawfully in possession of one person, and is by him lost or misplaced, it is believed that such right of possession in the loser, as far as the law of theft is concerned, would continue until interrupted or changed in some sufficient manner, So believing, we must grant this motion.

We call attention to the propriety of having two counts in the pleading, should there be further prosecution, in order to meet proper proof of ownership in Mr. Beard, or the Postal Delivery employee.

The motion for rehearing is granted, the judgment of affirmance set aside, and the case is reversed and remanded.

*Reversed and remanded.*