AFFIRMED, and Opinion Filed this 21st day of February, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-11-00683-CR

**MICHAEL WILLIAM BARTLOME, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 4
Dallas County, Texas
Trial Court Cause No. F11-50865-K

## OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Fillmore

Michael William Bartlome was charged with theft of property in an amount less than $1500 having two prior misdemeanor theft convictions, which was a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2012). The indictment also alleged in enhancement paragraphs that Bartlome had two prior state jail felony convictions for unauthorized use of a motor vehicle. *See* TEX. PENAL CODE ANN. § 12.425(a) (West Supp. 2012) (if, on the trial of a state jail felony, it is shown defendant has previously been convicted of two state jail felonies punishable under section 12.35(a), defendant shall be punished for third degree felony). The jury found Bartlome guilty of the theft offense, found the alleged enhancement paragraphs to be true, and assessed punishment of eight years' imprisonment and a $10,000 fine. In one issue, Bartlome asserts a variance between the allegations in the indictment and the proof

at trial renders the evidence insufficient to support the conviction. We affirm the trial court's judgment.

## Background

Harry Scoville has delivered packages for United Parcel Service on the same route for the past ten years. Approximately sixty percent of the packages Scoville delivers are to residential addresses and at least half of the residents are not home when Scoville delivers the package. Scoville's duties include ensuring the intended recipient receives the package addressed to him. If a shipper has indicated a package can be left at a residence without someone signing for the package, Scoville leaves the package out of sight from the street, if possible, due to a concern that someone will steal the package. Although packages were rarely stolen on Scoville's route, around the time of the offense in this case, packages were being taken approximately three to four times per week.

On January 5, 2011, Scoville delivered three packages to 6345 Richmond Street in Dallas, Texas. Scoville placed the packages inside the screen door. After delivering the packages, Scoville was "setting up" the next section of his truck in the order the packages would be delivered when he saw Bartlome walking down the street. Although Scoville initially was not concerned about Bartlome, when Scoville got out of the truck, Bartlome "looked directly at him." At that point, Scoville knew "there was something going down."

Bartlome sat on the steps in front of a house. Scoville drove down the block and delivered another package. When Scoville looked back, he saw Bartlome walking across the street. Scoville decided to drive around the block. When he did, he saw Bartlome with three packages in his hands. After Scoville got out of the truck, Bartlome threw two of the packages at

2

him and "took off running." Scoville caught Bartlome and held him for the police. Scoville did not give Bartlome permission to take the packages.

Christopher Byrd testified he lives at 6345 Richmond Avenue in Apartment E. Byrd ordered bicycle parts from two different companies and paid approximately sixty-three dollars for the parts. On January 5, 2011, the police called him and said someone attempted to take the packages containing the bicycle parts from his porch. Byrd did not give anyone permission to take the packages.

Bartlome was indicted for theft. The indictment alleged Scoville was the owner of the packages and had not given Bartlome permission to take them. The jury found Bartlome guilty of the charged offense, found the enhancement paragraphs were true, and assessed punishment of eight years' imprisonment and a $10,000 fine.

## Analysis

Bartelome argues the evidence is insufficient to support the conviction because there is a material variance between the person the State alleged owned the property, Scoville, and the actual owner of the property, Byrd. We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (2012). We examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). A variance occurs when there is a discrepancy between the facts alleged in the charging instrument and the proof offered at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). A variance in pleading and proof can involve either the statutory language that defines the offense or a non-statutory

allegation that is descriptive of the offense in some way. *Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App.), *cert. denied*, 133 S. Ct. 536 (2012). Only a material variance between the charging instrument and the proof at trial will render the evidence insufficient to support the conviction. *Gollihar*, 46 S.W.3d at 257.

A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a); *see also Byrd v. State*, 336 S.W.3d 242, 250 (Tex. Crim. App. 2011) ("the gravamen of theft is in *depriving the true owner of the use, benefit, enjoyment or value of his property*, without his consent" (emphasis in original)). Although the name of the owner is not a substantive element of the offense, the code of criminal procedure requires the State to allege the name of the owner of the property in its charging instrument. *Byrd*, 336 S.W.3d at 251; *see also* TEX. CODE CRIM. PROC. ANN. arts. 21.08, 21.09 (West 2009). The State is required to prove, beyond a reasonable doubt, that the person alleged in the indictment as the owner is the same person as shown by the evidence. *Byrd*, 336 S.W.3d at 252.

"Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either." TEX. CODE CRIM. PROC. ANN. art. 21.08; *see also Garza v, State*, 344 S.W.3d 409, 412–13 (Tex. Crim. App. 2011) ("A 'special owner' is an individual who is in custody or control of property belonging to another person." (quoting *Harrell v. State*, 852 S.W.2d 521, 523 (Tex. Crim. App. 1993)). An owner is a person who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor[.]" TEX. PENAL CODE ANN. § 1.07(a)(35)(A) (West Supp. 2012). "Possession" is the "actual care, custody, control, or management" of the property. *Id.* at § 1.07(a)(39); *see also Garza*, 344 S.W.3d at 413. "[T]o give ownership status to anyone

4

with a rational connection to the property, the legislature has given 'owner' an expansive meaning: anyone having a possessory interest in the property through title, possession, whether lawful or not, or a greater right to possession of the property than the defendant, is an owner of the property." *Garza*, 344 S.W.3d at 413; *Freeman v. State*, 707 S.W.2d 597, 603 (Tex. Crim. App. 1986) (plurality op.); *see also* TEX. PENAL CODE ANN. § 1.07(a)(35)(A). "[T[he key to answering the question of which person has the greater right to possession of the property is who, *at the time of the commission of the offense*, had the greater right to possession of the property." *Freeman*, 707 S.W.2d at 603 (emphasis in original).

Bartlome argues the State alleged Scoville was the owner of the packages, but proved Byrd was the actual owner. Although Byrd was to be the ultimate recipient of the property, Scoville was responsible for delivering the packages to the intended recipient. In January 2011, packages that Scoville had delivered on his route were being stolen. Therefore, he attempted to ensure the packages reached Byrd by placing them inside the screen door to shield them from view from the street. Because Bartlome's behavior after Scoville delivered the packages made him suspicious that "something was going down," Scoville drove around the block in an attempt to ensure the packages he had left for Byrd were safely delivered. Under these circumstances, Scoville, at the time of the commission of the offense, clearly had a greater right to possession of the packages than Bartlome. *See Freeman*, 707 S.W.2d at 603; *see e.g. Holland v. State*, 87 Tex. Crim. 89, 92, 219 S.W. 458, 459 (1920) (op. on reh'g) (care, control, and management of property, when lost or taken, was in mail carrier, and would remain in him until the same had been delivered to the real owner or at his office, or there was evidence that right of possession of mail carrier was interfered with or changed and, because last lawful possession of property was in mail carrier, allegation of ownership should have been mail carrier).

5

We conclude there is no variance between the facts alleged in the indictment and the facts proved at trial. Further, there is legally sufficient evidence to support the jury's finding that Scoville was the owner of the packages. Accordingly, we resolve Bartlome's sole issue against him and affirm the trial court's judgment.

_____
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

110683F.U05



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

MICHAEL WILLIAM BARTLOME,
Appellant

No. 05-11-00683-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F11-50865-K.
Opinion delivered by Justice Fillmore.
Justices FitzGerald and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 21st day of February, 2013.


ROBERT M. FILLMORE
JUSTICE