## THE STATE v. STANLEY LAMB, Appellant.

### Division Two, May 9, 1912.

1. **APPEAL: Instructions: Not Preserved.** If the instructions are not preserved in the bill of exceptions complaints in the motion for a new trial of the refusal of the court to give certain instructions cannot be considered.

2. ————: **Evidence: No Exceptions.** Unless exceptions were saved at the trial to the rulings of the court upon the admission and exclusion of testimony, such rulings are not for review in the appellate court.

3. ————: **Argument to Jury: Not Preserved.** To obtain a ruling of the appellate court upon complaints to the argument of the prosecuting attorney to the jury, the matter complained of must be preserved in the bill of exceptions.

4. **ROBBERY: Indictment "from Person": Proof "In Presence of": Variance.** A charge of robbery from the person is satisfied by proof that the money was taken in the presence of the person. In this case the information charged robbery "from the person" of a merchant, and it is *held* that the charge is satisfied by proof that defendant and another entered the merchant's store and while one of them pointed a pistol at him the other took money from the cash drawer in his presence.

Appeal from Jackson Circuit Court.—*Hon. Ralph S. Latshaw,* Judge.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *Campbell Cummings,* Assistant Attorney-General, for the State.

(1) No instructions appear in the bill of exceptions as having been asked and refused. There is no demurrer to the evidence in the bill. (2) Appellant complains in his motion for a new trial for error committed by the court in the admission and exclusion of evidence, but nowhere can we find that he saved a single exception to any of the court's rules thereon. (3) Appellant complains in the ninth ground in his mo-

tion for new trial of certain remarks of the attorney representing the State, to the jury, but fails to set any out, and we find no arguments whatsoever set out in the bill of exceptions. (4) The verdict was certain, definite and responsive to the issues, as it found the defendant guilty of robbery in the first degree. It will also be noticed that the information charges a robbery "from the person," while the proof is that it was "in the presence." This variance was not called to the attention of the trial court, and this could not be a material one, prejudicial to the rights of defendant. It also could not amount to the failure of proof because the offense charged was proven, but the manner of committing it was slightly different from the manner charged. It will not fall within the case of State v. Plant, 209 Mo. 307, where the charge was one of larceny of a diamond ring, the proof being the larceny of a diamond stud, two distinct acts of larceny, consequently the proof of one was not the proof of the one charged, and, therefore, there was a failure of proof of the crime charged. In appellant's case the crime charged was that of robbery from the person by putting in fear, etc. The crime proven was that of robbery in the presence by putting in fear, etc. The larceny and the putting in fear by force and violence are the gravamen of the offense, rather than from the person or in the presence. We are aware that the case of State v. Crowell, 149 Mo. 391, holds that where the indictment alleges a robbery from a person by putting him in fear, it is error to find appellant guilty if he robbed by force and violence to the person. But a taking, we submit, in the presence is constructively a taking from the person. 34 Cyc. 1798, 1803; State v. Kennedy, 154 Mo. 268.

FERRISS, P. J.—Conviction for robbery in the first degree, committed under the following circumstances, as testified to by witnesses for the State:

On the night of March 30, 1910, the defendant and one other entered the store of the prosecuting witness in Kansas City. One of them pointed a pistol at the prosecutor and took money from the cash drawer in his presence, while the other kept watch at the doors.

The defense was an alibi testified to by the defendant.

Although the case comes up here upon a full bill of exceptions, there is no appearance in this court upon the part of appellant. We have, however, examined the record and bill of exceptions carefully, and fail to find substantial error therein. There is no assignment of errors here. The motion for new trial complains of the refusal of the court to give certain instructions offered by the defendant, but such instructions are not preserved in the bill of exceptions. Complaint also is made of the rulings of the court upon the admission and exclusion of testimony, but no exceptions to such rulings were saved. Complaint is also made of the argument of the prosecuting attorney at the close of the case, but the matter complained of is not preserved in the bill of exceptions.

The information is in proper form; the verdict is responsive thereto; proper instructions were given covering all phases of the case, including alibi, and the verdict is in due form.

One single question, possibly, presents itself upon this record. The information charges robbery "from the person," while the proof was that it was "in the presence" of the prosecuting witness. We do not regard this question as a serious one. At common law it was ruled that the charge of robbery from the person was satisfied by proof that the money was taken in the presence of the person. This, as a matter of construction. In Donnelly's case, 2 East, P. C., 725, Lord MANSFIELD says, "If the owner threw down his money, or had it not about his person at the time, though it

were in his presence, these by construction have been holden to be equivalent to an actual taking from the person." To the same effect is State v. Lawler, 130 Mo. 366; Breckenridge v. Commonwealth, 97 Ky. 267.

Finding no error in the record, the judgment is affirmed. *Kennish* and *Brown, JJ.*, concur.