11882.   VAN KEUREN *v.* TRAVELERS INDEMNITY COMPANY.

STEPHENS, J.   1. Where a contract of insurance insures the proprietor of a jewelry store against robbery committed on his premises, which robbery is defined in the policy as " an overt felonious act committed in the presence of a custodian and of which he was actually cognizant," a felonious taking or conversion by a customer of a diamond-ring on the premises of the insured, even though done in the presence of the clerk or custodian as contemplated in the policy, is not such a felonious taking as is insured against by the policy, unless the clerk having the ring in custody had *actual* knowledge of its felonious taking or conversion.

2. In a suit by the insured against the insurer to recover for a loss covered by the above-recited clause in the policy, an allegation in the petition, that, after the clerk or custodian had placed a tray containing rings upon the counter, the customer extracted from the tray a diamond-ring of a certain value and then hurriedly left the petitioner's store before he could be apprehended or detained by the petitioner's employees, and where the petition further alleges that such taking was " a robbery of jewelry from petitioner as covered and *included in the terms of said policy,*" the petition will be construed as alleging that

the clerk was "*actually cognizant*" of such felonious taking. The general demurrer to the petition was therefore improperly sustained.
*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*
DECIDED AUGUST 31, 1921.

Action upon insurance policy; from Chatham superior court — Judge Meldrim. September 8, 1920.

*Oliver & Oliver,* for plaintiff.

*Lawrence & Abrahams,* for defendant.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*
DECIDED AUGUST 31, 1921.