## C. A. BRIGGS V. THE STATE.

No. 11133.   Delivered January 18, 1928.

### 1.—Robbery—Postponement—Properly Refused.

Where appellant requested in writing that his trial be postponed because he was not mentally or physically able to undergo the ordeal of a trial, and the evidence heard by the court was sufficient to support the conclusion that appellant was, at the time both mentally and physically able to undergo a trial, and no injury is shown, we see no error in the ruling of the court in refusing him a postponement.

### 2.—Same—Allegation and Proof—No Variance Shown.

The indictment charged that the property involved was taken from the person and possession of Blas Pina, and the proof showed that the property was not taken from the person of Pina, but out of a house under the control of Pina, under our statute this proof did not constitute a variance. See Art. 1408 P. C., Reese v. State, 239 S. W. 619, and other cases cited.

### 3.—Same—Continued.

In the Reese case, supra, the facts were identical, and it was then held that our statute denouncing robbery includes the taking from the possession as well as from the person, when the relation of the injured person to the property was "such as to characterize the assault upon him to obtain the property and its acquisition thereby, robbery. See also Clark v. State, 220 S. W. 100.

**4.—Same—Evidence Harmless Error.**

Where appellant was erroneously asked by the District Attorney if he and his brother had not been arrested in Houston in 1922 in connection with the killing of a prohibition officer, and the trial court promptly directed the jury to disregard and not consider the question, the error was harmless.

**5.—Same—Evidence—Propounding Improper Questions—Rule Stated.**

We cannot lay down a rule that cases should be reversed because improper questions were asked, except in extreme cases, when counsel persists in asking illegal and prejudicial questions after the court has ruled against him, but a bill of exception must go further and show that there were answers to these questions, and that the answers were injurious to appellant's case. Distinguishing, Stewart v. State, 272 S. W. 202.

**6.—Evidence—Impeaching the Defendant—Held Proper.**

Where appellant had testified on his direct examination that he had been sent to Leavenworth and served nine months and 18 days for the possession of narcotics by a federal court, there was no error in permitting the state on cross-examination to prove by him that he had been indicted and convicted for possession of narcotics in a federal court.

**7.—Same—Evidence—Explanation of Possession of Stolen Property— Properly Excluded.**

Where on his trial for robbery and before he had offered any testimony, appellant sought to prove by one Walker with whom he had pledged a ring, which was stolen in the robbery, that said Walker knew the party from whom appellant afterward claimed that he had acquired the ring, and knew that such party knew the appellant. At the time this testimony was offered there was nothing in evidence which made it relevant and it was then properly rejected by the court.

Appeal from the District Court of El Paso County. Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction for robbery, penalty ten years in the penitentiary.

The opinion states the case.

*Claud Lawrence* of El Paso, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for ten years.

Appellant presented a written request for a postponement, wherein he stated that he was neither mentally nor physically able to undergo the ordeal of a trial. After hearing evidence, this request was denied, and, as shown in bill of exception No. 1, appellant complains by reason thereof. The qualification appended to the bill states, in effect, that appellant closely followed the proceedings of the trial and was able to and did

render advice to his counsel during the course of the trial. The record discloses that appellant testified in his own behalf in a manner which reflected accuracy of memory and keenness of intellect. The evidence heard by the court was sufficient to support the conclusion that appellant was at the time both mentally and physically able to undergo a trial. In this condition. of the record, we see no error in the ruling of the court.

The indictment names Blas Pina as the injured party, it being alleged that the property involved was taken from his person and possession. Pina worked at the home of S. G. Gonzales and acted as nightwatchman when Gonzales was away from home, at which time he had charge of the house and the property therein. On the occasion of the robbery, he was acting in such capacity during the absence of Gonzales and his family. The robbery was accomplished by subduing Pina at the point of a gun, tying and gagging him and forcing him to go from room to room with his assailants, who in his presence took the property involved, from various rooms of the house.

Upon these facts, as shown in bills of exception Nos. 2 and 3, appellant insists that there is a variance between the allegation and the proof, in that the proof shows that none of the property involved in the robbery was taken from the person of Pina, as alleged in the indictment. The evidence clearly shows that the property was taken from the possession of Pina. Our statute denouncing robbery, includes the taking from the possession as well as from the person. Art. 1408 P. C. The statutes of many states are more restrictive than our statute. In the case of Reese v. State, 239 S. W. 619, in referring to the difference between our statute and that of many other states, this court called attention to the fact that, as to statutes using the more restricted term, it is said:

"The meaning is not that the taking must necessarily be from the actual contact of the body, but it suffices when only under the personal protection. A taking in the presence of an individual put in fear is in law a taking from his person." Bishop's New Crim. Law, Sections 1177 and 1178; State v. Lamb, 242 Mo. 398, 146 S. W. 1169; State v. Kennedy, 154 Mo. 268, 55 S. W. 293; Cyc. Vol. 34, page 1798; Hill v. State, 145 Ala. 60, 40 South. 654; Hill v. State, 42 Neb. 526, 60 N. W. 916; Commonwealth v. Homer, 235 Mass. 526, 127 N. E. 520; State v. Calhoun, 72 Iowa 433, 34 N. W. 194, 2 Am. St. Rep. 252; O'Donnell v. People, 224 Ill. 218, 79 N. E. 639, 8 Ann. Cas. 126. See note.

In the Reese case the facts were similar to those revealed here. The injured party was subdued at the point of a pistol, while Reese and his companions abstracted money from a safe. In disposing of the contention of Reese that robbery was not shown because the money was not taken from the person or possession of the injured party, this court referred to the fact that our statute, denouncing robbery, includes the taking from the possession as well as from the person, and reached the conclusion that the relation of the injured person to the property "was such as to characterize the assault upon him to obtain the property and its acquisition thereby robbery." We think the principle there announced is applicable here. See also Clark v. State, 220 S. W. 100.

Appellant's next complaint, as shown in bill of exception No. 8, relates to the action of the District Attorney in asking him if he and his brother had not been arrested in 1922, in Houston, in connection with the killing of a prohibition officer. Viewing the complaint in the light of the qualification appended to the bill of exception, it appears that appellant objected to the question on the ground that it was immaterial and prejudicial, and that the court thereupon stated to the District Attorney that the question was improper unless the state was prepared to show that appellant had been indicted for the offense mentioned. The jury was immediately instructed by the court not to consider the question for any purpose. Not being required to answer the question, appellant stated: "They didn't have me charged with any such crime at all. I was arrested on that date." The District Attorney then asked appellant: "What were you charged with?" Appellant replied, "They put a charge against me later for possession of narcotics, which I had there, they claimed, in my room."

We are of the opinion that as qualified, the bill fails to manifest prejudicial error. While the question objected to was improper, the prompt action of the court in instructing the jury not to consider it for any purpose, in our opinion, safeguarded appellant against injury. In the case of Huggins v. State, 131 S. W. 596, in disposing of a similar contention, this court said:

"We cannot lay down a rule that cases should be reversed because improper questions were asked, except in extreme cases, where counsel persists in asking illegal and prejudicial questions after the court has ruled against him; but a bill of exception must go further and show that there were answers to these

questions, and that these answers were highly injurious to appellant's case."

The case of Stewart v. State, 272 S. W. 202, relied upon by appellant, is not in point. In that case, the appellant had not testified, and in no manner put his reputation in issue. Nevertheless, the County Attorney asked one of the appellant's witnesses if he knew appellant's general reputation in the community with reference to violating the liquor law. In holding that the question itself was obviously harmful and constituted reversible error, this court referred to the fact that appellant's reputation was not in issue, and that if it had been in issue the question would have been improper, inasmuch as it was an inquiry about his reputation relative to the thing charged against him. In the instant case, appellant having taken the witness stand, it was permissible for the state to show, as affecting his credibility as a witness, that he had been indicted for a felony or an offense involving moral turpitude. Appellant's reputation for truth and veracity being an issue, the question asked him was not a gross violation of the rules of procedure, as was the question under consideration in the Stewart case.

On direct examination, appellant's counsel elicited from him the following:

"I have been indicted one time before, on a narcotic charge, for the possession of narcotics, I was using them at the time. Judge Hutchinson sent me to Leavenworth for treatment for my own good, he said. I got a year and a day, and I did nine months and 18 days."

As shown in bill of exception No. 9, as qualified by the court, the District Attorney asked appellant if in 1922 he had not been found guilty of the possession of narcotics for the purpose of sale. When the question was asked appellant, the court asked the District Attorney if he was prepared to prove that appellant had been indicted for possessing narcotics for the purpose of sale, and advised the District Attorney in substance, that unless he was prepared to make such proof that question would not be permitted. Whereupon the District Attorney withdrew the question and asked appellant if he had not been indicted and convicted for possession of narcotics. In this condition of the record, we are unable to agree with appellant that the asking of the question constituted reversible error.

The record shows that appellant went to Del Rio after the commission of the offense, where he left a ring which had been taken in the robbery, with Dr. Gilbert Walker, as security for a loan of twenty dollars. Appellant testified on direct exam-

ination that he stopped in Del Rio for the purpose of seeing W. E. Wolf about matching a horse race with him; that while in Del Rio he lost practically all of his money at a gambling place across the river; that Stanley Chapman, his companion, gave him the ring in question, telling him that it belonged to his, Chapman's, wife, and that he might use it for securing some money; that he, appellant, having no knowledge that the ring had been stolen, left it with Dr. Walker as security for a loan of twenty dollars. As shown in bill of exception No. 13, the court refused to permit appellant to prove by Dr. Walker, on cross-examination, that he, Walker, knew of his own knowledge that for a long time prior to the time appellant had left the ring with him, he, appellant, had been acquainted with W. E. Wolf, and had matched horse races with the said Wolf. At the time this testimony was offered, appellant had offered no witnesses in his own behalf and had not taken the witness stand. If the testimony was relevant, which is not conceded, the record does not reflect that the trial court could have been apprised of appellant's theory in offering it. Not having testified and not having offered any witnesses whose testimony would disclose the relevancy of the proffered testimony and not having advised the court what he expected to prove by himself and witnesses, we think that it was incumbent on appellant to recall the witness Walker and tender the testimony in question after it had been shown by appellant's testimony that he went to Del Rio for the purpose of matching a horse race and not for the purpose of disposing of the ring in question. The trial court would then have been in a position to determine whether or not the testimony was relevant and material. In this condition of the record, appellant is in no position to complain. Moreover, the admissibility of the rejected testimony is questionable.

We have not undertaken to discuss the remainder of appellant's bills of exception. However, we have carefully considered the questions presented by such bills and find that reversible error is not manifested.

Finding no error, the judgment is affirmed.       *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.