BUFFALO SMOKETERIA, INC., Respondent, *v.* METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, a Corporation, Appellant.

Supreme Court, Erie County, June 6, 1932.

*Kimball & Smith* [*Wallace H. Miller* of counsel], for the appellant.

*Brown, Ely & Richards* [*David S. Jackson* of counsel], for the respondent.

HINKLEY, J. The defendant issued its policy of insurance to plaintiff to insure the latter against robbery. The definition of robbery as included in the policy differs from the common-law and statutory description of the offense. The policy defines robbery as applied to this case as " Robbery shall mean a felonious and forcible taking of property  *  *  *  by an overt felonious act committed in the presence of a custodian and of which he was actually cognizant."

The facts establish that a delivery clerk of plaintiff entered certain premises known as 381½ Niagara street for the purpose of refilling an automatic cigarette vending machine. He left his truck outside and remained in the premises about three minutes. On coming out he saw his truck being driven up the street and around the corner. The next day the truck was found abandoned with its contents stolen. This action was for the recovery of the value of the cigarettes stolen from the truck.

The appellant concedes in its brief that there was an overt felonious act in taking the truck, but contends that the alleged robbery was not committed in the presence of the custodian.

The case seems to be of first impression in this State. No interpretation of the particular clause of the policy involved herein has been called to the attention of the court. However, even in criminal prosecutions for robbery which require a rigid interpretation of the language of the definition, the courts have not construed the word " presence " to mean a literal, physical presence. (*People* v. *Glynn,* 54 Hun, 332; affd., 123 N. Y. 631; *State* v. *Calhoun,* 72 Iowa, 432; 34 N. W. 194; *State* v. *Eddy,* [Sup. Ct. Mo.] 199 S. W. 186; *State* v. *Lamb,* 242 Mo. 398; 146 S. W. 1169; *O'Donnell* v. *People,* 224 Ill. 218; 79 N. E. 639; *Hill* v. *State,* 42 Neb. 503; 60 N. W. 916; 24 Am. & Eng. Ency. of Law, 1002; 54 C. J. 1015.)

There was no requirement in this case that the overt act should be seen by the custodian as it commenced. He knew that the truck was being driven away. His brief presence in the store was no more than if he had turned his back and then turning again

had seen the truck being driven away. The evident intent of the clause in question was to guard against careless or pretended losses by the custodian and not to avoid a loss by a technical strained construction of the policy.

The trial court in its main charge and in its response to requests by defendant's counsel submitted to the jury, in addition to the other questions, the determination of whether stealing took place in the presence of the custodian and whether the plaintiff took all reasonable precaution to guard against loss of the property. Both questions the jury by its verdict determined in favor of the plaintiff. There is no reason to disturb that verdict.

Judgment of the lower court affirmed, with costs.