[Civ. No. 7520. Second Appellate District, Division Two.—February 3, 1933.]

SAMUEL SKLAR, Appellant, v. GLOBE INDEMNITY COMPANY (a Corporation), Respondent.

Sherman & Sherman for Appellant.

Kidd, Schell & Delamer for Respondent.

WORKS, P. J.—This action, tried by a jury, was for a recovery of judgment under an insurance policy. The jury

rendered an instructed verdict for defendant, and plaintiff appeals from the resulting judgment.

The policy insured against robbery. The facts were stipulated. Appellant kept a store with a cash register in the place. Adjoining the store he also had a pool and billiard room, the latter and the store being connected by an archway. Appellant cashed a check for a certain person in the store and the two then went into the poolroom, where the recipient of the cash played pool with a third person. Appellant was at once called on to attend upon a customer, who immediately left the place. Appellant then stood behind a counter in the poolroom and while he remained there the customer whom he had just served returned and called into the poolroom, "your building is on fire." Appellant ran from the front door of the poolroom into the street, thence to a small adjoining building referred to as a storeroom. There, according to the stipulation as to the facts, "he saw some paper and oiled sacks in an opening underneath said storeroom" and "at the time plaintiff arrived there said papers and rags were burning freely; that all the occupants of the store accompanied plaintiff to the scene of the fire, and an attempt was made by the people, including the plaintiff, to put it out". On the day preceding these occurrences appellant "had inspected said premises . . . and at that time saw no paper or sacks at the place where the fire was; plaintiff stayed at the scene of the fire for three to five minutes, and then returned to the store via the entrance into the billiard hall and then through the archway into the gent's furnishing place; at that time he found the cash register was open, and that $1,985.04 was missing from said cash register; that there were no marks nor any other indications about said cash register to indicate that any force had been applied to said cash register . . . "

Appellant contends that he was entitled to recover under either of two clauses of the policy defining the term "robbery" as employed therein. One of these was "a felonious and forcible taking of property . . . by putting" the custodian "in fear of violence". We can see under the facts above recited nothing which could have put appellant in fear of violence, nor that he was in such fear.

Another clause of the definition of robbery refers to a similar taking of property "by an overt felonious act committed in the presence of" the custodians "and of which they were actually cognizant at the time". If the fire was ignited by an overt felonious act—and we are not enlightened upon this subject—it was not committed in the presence of appellant, nor was he cognizant of such an act then or at any time. Perhaps the cash was abstracted from the register by means of an overt felonious act, but if so the act was not committed in the presence of appellant nor was he ever cognizant of it, except through process of imagination.

The trial judge was right when he instructed the jury to render judgment in favor of defendant.

Judgment affirmed.

Stephens, J., and Archbald, J., *pro tem.*, concurred.