## 46773.  UNITED STATES FIDELITY & GUARANTY COMPANY v. SHIELDS.

BELL, Chief Judge. In this suit to recover a monetary loss allegedly covered under the provisions of a mercantile robbery and safe burglary insurance policy, the trial court denied the defendant's motion for summary judgment and certified the denial for direct appeal.

The deposition of an employee of plaintiff's shows that the employee customarily used his own car to take checks of plaintiff's to the bank, cashed them and returned the money to plaintiff. On February 10, 1970, the employee went to the bank with checks totalling $1,070, cashed them, placed the money in a bag, left the bank and returned to his car. The car failed to start. He then placed the bag of money on the seat, went to the front of the car and found the hood unlatched. Lifting the hood, he discovered that wires were pulled out of the distributor box which caused the failure to start. He also testified that after determining that someone had been "messing" with his car, he immediately returned to the driver's

side, found the money missing and then looked across the driver's side and saw a person hurrying away. There was no one else in sight at this time. All of this took place in the matter of a few moments.

In the policy of insurance robbery is defined as "the taking of insured property (1) by violent infliction upon a messenger or custodian; (2) by putting him in fear of violence; (3) by any other overt felonious act committed in his presence and of which he was actually cognizant." *Held:*

The recited facts reasonably give rise to an inference that the man observed running away had tampered with the car in order to distract the custodian momentarily and then absconded with the money left on the seat. In *Still v. Great Central Ins. Co.,* 122 Ga. App. 99 (176 SE2d 268), a similar policy provision was held to mean: "Cognizance of the taking at the time it is in process not when the loss is discovered." In the *Still* case there is no evidence of any flight or other furtive conduct by anyone in close proximity in point of time to when the loss was discovered and hence no recovery was authorized. While it is true that the custodian testified that he did not see this person enter his car and the initial physical removal of the money, the policy provision does not require that the custodian see the commencement of the overt act or the physical act of the felon's acquiring possession of the property or that he must observe the technical commission of the crime from beginning to end. Neither the *Still* case nor *Van Keuren v. Travelers Indem. Co.,* 27 Ga. App. 367 (108 SE 310) requires that there be actual knowledge or visual observation of all facets of the overt felonious act. Here the victim was aware that his car had been tampered with; he was aware that the money was missing; and he was aware of the presence of the apparent thief hurrying away from the very close proximity of his automobile. He was aware or cognizant of wrongdoing while the felonious act of theft was still in process and not merely, by inference, as an afterthought.

See Annot. 37 ALR2d 1081, 1089. On these facts, a jury would be authorized to return a verdict for the plaintiff.

See the following cases where coverage was upheld in policies with like provisions under similar factual situations. London v. Maryland Cas. Co., 210 Minn. 581 (299 NW 193); Bourg v. Travelers Indem. Co., (La App.) 15 S. 2d 166; Buffalo Smoketeria v. Metropolitan Cas. Ins. Co., 143 Misc. 894 (258 NYS 581).

*Judgment denying the defendant's motion for summary judgment is affirmed. Jordan, P. J., Deen, Quillian, Evans and Clark, JJ., concur. Hall, P. J., Eberhardt and Pannell, JJ., dissent.*

SUBMITTED JANUARY 3, 1972—DECIDED MARCH 1, 1972—
REHEARING DENIED MARCH 24, 1972.

*G. Thomas Crichton,* for appellant.

*McCurdy, Candler & Harris, George H. Carley,* for appellee.

EBERHARDT, Judge, dissenting. It is clear from the testimony of the plaintiff's messenger or custodian that the felonious taking of the money from his automobile had been completed before the messenger became cognizant of it. He had not even suspected that the money was missing until he came back from his examination of the motor, which he had been unable to start, and saw that the money was not on the seat where he had left it. True enough, after that he did see some unknown party "walking fast" down the street, enter a car driven by another man and drive away. But he did not see the money in the possession of either, nor had he seen either of them about his car. Somebody had removed the money from the seat of the car—but he did not know who had done so, or when it had happened. He was not cognizant of it at the time; he merely became so after the taking had been accomplished.

Insurance is a matter of contract, and its language is to be construed by giving the usual and ordinary meaning to it, and if there is no ambiguity it is to be construed to

mean what it says. *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579, 582 (168 SE2d 171). Here the contract defines robbery, so far as is relevant here, as an "overt felonious act committed in [the presence of a messenger or custodian] and of which he is actually cognizant." The only question, therefore, is whether the evidence shows that Johnny Howard, the custodian, was cognizant of the taking of the money from the car at the time it happened. As I see it, the evidence demands a contrary finding.

Our cases of *Van Keuren v. Travelers Indem. Co.,* 27 Ga. App. 367 (108 SE 310) and *Still v. Great Central Ins. Co.,* 122 Ga. App. 99 (176 SE2d 268), dealing with policies containing similar language and losses occurrring under circumstances which would seem to raise closer questions than this evidence could, are determinative of the issue.

Among the cases from a majority of our sister states arising under this policy language and dealing with losses under circumstances of a similar nature, and which reach the conclusion reached in our own cases are Austin L. Burgess, Inc. v. Lumbermens Mutual Cas. Co., 348 Mass. 616 (205 NE2d 1); Cole v. Hartford Accident &c. Co., 242 Iowa 416 (46 NW2d 811); Sklar v. Globe Indem. Co., 129 Cal. App. 439 (18 P2d 981); Jones v. Auto Owners Ins. Co., 43 Ala. App. 101 (180 S2d 145); Grimes v. Maryland Cas. Co., 300 Ill. App. 62 (20 NE2d 982); Ashcraft v. U. S. F. & G. Co. (Ky. App.) 255 SW2d 485; Anderson v. Hartford Acc. &c. Co., 77 Cal. App. 641 (247 P 507); Citizens Loan &c. Co. v. St. Paul Mercury Indem. Co., 195 Minn. 515 (263 NW 541).

The evidence here shows no more than a larceny of the money from the seat of the car by somebody at a time when the custodian was unaware that it happened. We have held that "[I]n order to prove a case of robbery by the sudden taking and carrying away of the property of another, without his consent, it is only necessary to show that the person robbed was conscious that something was being taken from him, and that for some reason he was unable to prevent it." *Bowen v. State,* 16 Ga. App. 110, 119 (84 SE 730). If it is taken fraudulently, privately and without the

knowledge or consent of the owner, while the property is in his immediate possession or presence, it is larceny—not robbery. *Banks v. State,* 74 Ga. App. 449 (40 SE2d 103). As we held in *Still v. Great Central Ins. Co.,* 122 Ga. App. 99, supra, the policy requirement that the felonious act be committed in the custodian's presence "and of which he was actually cognizant," clearly means "cognizance of the taking *at the time it is in process,* not when the loss is discovered." Even if the custodian had seen the money in the possession of the man who was "walking fast" down the street—which he did not—his cognizance of the taking occurred only after the taking had been completed, not at the time the taking was in process.

The purpose of this requirement in the policy is, of course, to limit the coverage to a situation in which the insured, or his custodian, will have opportunity to do something about avoiding the loss at the time, and for that kind of coverage the premium is less than it is for a mere larceny, or a taking by stealth when the owner or custodian is not cognizant of it at the time. If the insured had desired a larceny coverage, he might have obtained it, but at a different premium rate.

His contract simply does not cover the loss shown to have occurred.

I am authorized to state that Presiding Judge Hall and Judge Pannell concur in this dissent.