STATE of Missouri, Respondent,

v.

Lee WATSON, Appellant.

No. KCD 28906.

Missouri Court of Appeals,
Kansas City District.

Jan. 30, 1978.

Motion for Rehearing and/or Transfer
Denied Feb. 27, 1978.

William G. Mays, II, Public Defender, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and PRITCH-ARD and SOMERVILLE, JJ.

TURNAGE, Judge.

Lee Watson was sentenced to 25 years imprisonment for armed robbery and 2 years for stealing by deceit, with the two year sentence to run concurrently with the greater sentence. Sentencing was by the court under the Second Offender Act.

On this appeal Watson raises three points, but only one has been preserved by mention in his motion for a new trial. That point relates to the propriety of the conviction of stealing by deceit because Watson contends the victim voluntarily delivered money to him. Affirmed.

Watson does not raise any question concerning the sufficiency of the evidence to support the conviction on both counts. Watson and the State agree the following are the facts pertaining to the point preserved for appeal.

An armed man accosted the attendant of a gas station in Columbia shortly after noon. Apparently while this man was binding the attendant and taking money from him, Watson was in the drive of the station. A customer drove into the station and Watson approached the car and asked if he could check the oil. The customer declined the offer but after obtaining gasoline from a self service pump, experienced difficulty in replacing the nozzle. Watson advised him to simply push the lever down. The customer then took out three one-dollar bills to pay for his purchase and Watson held out his hand. The customer handed the $3.00 to Watson. Watson advised the customer he had to start a truck at a bowling alley and walked rapidly away. As Watson left, the customer began to leave but discovered the station attendant emerging from the building. The attendant stated he had been robbed. At this time a car left the station lot at a high rate of speed and the girl with the customer recognized the driver as the man who accepted the $3.00 in payment for the gasoline.

As noted, Watson raises three points on appeal, but two of these were not mentioned in his motion for a new trial and are, therefore, not preserved for review. *State v. Webb,* 544 S.W.2d 53, 54[1, 2] (Mo.App. 1977).

The point preserved for review challenges the classification of stealing by deceit in § 560.161, RSMo1969 [1] as a felony when money is voluntarily handed over without any physical force or threats. Stealing by deceit is denounced by § 560.156. That section provides in part: "(2) It shall be unlawful for any person to intentionally steal the property of another, either without his consent or by means of deceit." Section 560.161 classifies stealing by deceit as a felony "if the property intentionally stolen: (1) is taken from a dwelling house or a person . . . ."

Watson argues the $3.00 was taken from the possession of the customer and not from his person. Watson reaches this conclusion because the taking was without any threat of bodily harm or invasion of the body of the customer but, on the contrary, the customer voluntarily handed his money to Watson. Watson cites cases in which stealing was upheld when there was physical violence involved in the taking of the property.

The answer to Watson's argument lies wholly in the language of the statute. Section 560.156 prohibits stealing by deceit. Deceit, of course, does not require the use of force or violence. While it may be stated the customer voluntarily handed his money

---

1. All statutory references are to RSMo1969 unless otherwise noted.

to Watson, of course, he did not do so voluntarily in the legal sense. He did so acting on the reasonable appearance given by Watson as being an employee of the station and one who was authorized to assist customers and receive payment for gasoline. Certainly the Legislature condemned the stealing of money by deceit in the same way as stealing by force or violence. Watson does not question the fact his acts amounted to deceit.

Watson next contends there was no taking of property from the person of the customer to bring his acts within the scope of the felony definition in § 560.161. Again, Watson urges the customer voluntarily handed his money over to Watson and, therefore, there was no taking from the person of Watson. The phrase "from the person" was defined many years ago in *State v. Lamb*, 242 Mo. 398, 146 S.W. 1169[2] (1912). There the court stated: "[a]t common law it was ruled that the charge of robbery from the person was satisfied by proof that the money was taken in the presence of the person." There can be no doubt the $3.00 was in the presence of the victim when he handed it to Watson. Thus, there can be no question the money was taken from the person of the customer and within the meaning of that phrase this satisfied the requirement to constitute the crime a felony.

The judgment is affirmed.

All concur.