AUGUST LAMATER V. THE STATE.

No. 1678. Decided October 27, 1897.

**1. Burglary—Indictment—Allegation of Ownership.**

An indictment for a night-time burglary of a public school building with intent to commit theft, properly alleged ownership in tne janitor of the building, who had charge and control of the building and its contents from 4 o'clock p. m. of each day until 8 o'clock a. m. of the next day, though the property taken was school books belonging to the pupils.

**2. Same—Charge.**

On the above state of facts, a charge of the court which instructed the jury that "a person who is in direct control of a house and exclusive management and control of property, is, for the purposes of law, the occupant of such house and owner of such property," was correct.

**3. Evidence—Declarations of a Codefendant.**

Statements made by one codefendant in the presence and hearing of the other are admissible and binding upon both.

**4. Voluntary Independent Statement of a Witness.**

Where a State's witness, not in response to any question, remarked that he had been running with defendant since he (defendant) had been liberated from the State reformatory, and the court promptly excluded the remark from the consideration of the jury, no prejudice to defendant is shown of which he can complain.

**5. Evidence—Finding of Stolen Property.**

On a trial for burglary and theft, testimony that some of the property was found at the home of defendant under an outhouse on his father's lot near the residence, was properly admitted as a circumstance to be considered by the jury.

**6. Same.**

On a trial for burglary, evidence was properly admitted to the effect that on the morning after the burglary defendant and his codefendant were seen in company.

**7. Recent Possession and Explanation—Charge.**

Where defendant had stated that they had bought the books from a third party, a charge of court to the effect that, if the jury so believed, they would not consider the books or their possession as a circumstance against defendant, was sufficient, though the court might have gone further and directed an acquittal upon this ground, if they so believed.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHARLES F. CLINT.

Appeal from a conviction for burglary, penalty assessed being two years imprisonment in the penitentiary.

The charging part of the first count in the indictment, upon which the conviction was had, alleged the burglary of a house owned by the city of Dallas, a corporation, and then and there under the control of J. S. Spivey, and with intent to take from the house property belonging to Spivey, etc.

The property stolen was school books belonging to children attending the public school. On the morning of the discovery of the burglary and theft, Prof. Nabors, the superintendent of the school, made out a list of the books that were stolen from statements given him by the scholars, and this list was given to the officers, and the book dealers of the city were notified of the theft. During the afternoon of the day after the burglary the defendant and George Stevenson offered some of the books

for sale at Jones' bookstore. Jones sent for an officer and the parties were arrested at his store, and the books taken from them were identified and delivered to the owners, the school children.

About a week after the burglary a detective found and recovered the balance of the stolen property under the floor of an outhouse on the premises occupied by defendant's father, where defendant lived.

George Stevenson, the accomplice, who had pleaded guilty, but had not been sentenced, testified for the State as follows: "That witness and the defendant broke into and entered the McKinney Avenue schoolhouse on the night of the 9th day of February, 1897. We made an entrance by breaking the glass out of the hole in the transon beside the door. Through this opening as made by us I crawled in, and then I went and raised the window for Lamater, who came in that way. We went out through the door, which we left open. We went through the desks in the schoolroom and each one of us got a sack of books, which we carried over to old man Lamater's house and put them in under the floor of his barn. We went into the schoolhouse about 12 o'clock at night. The next morning the defendant and I went and got some of the books and took them down to sell. We were arrested at Charles Jones' bookstore, where we were trying to dispose of the books. The defendant and I were together most of the afternoon on the 9th of February, 1897, and that is when we made it up to rob the schoolhouse. We were around the schoolhouse that afternoon. The defendant suggested the business and got me into it."

[No briefs on file for either party.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

The indictment contains several counts, but the conviction was under the first, which charged appellant with burglarizing a certain public school building on McKinney Avenue, in Dallas County, Texas, belonging to the city of Dallas. The entry is alleged to have been made with intent to steal certain property belonging to J. S. Spivey. The proof on the part of the State showed that J. S. Spivey was the janitor of said school building and that the property taken was certain school books belonging to the pupils. It further showed that J. S. Spivey, as janitor, had charge and control of the building and its contents from 4 p. m. until 8 o'clock of the following morning; that he carried the key, closed the building in the evening, and opened it up for the scholars the next morning. The evidence shows that the burglary was committed at night. On this state of facts the court charged the jury as follows: "A person who is in the direct control of a house, and exclusive management and control of the property, is, for the purposes of law, the occupant of such

house, and owner of such property." Appellant excepted to this charge, and insists that it is not the law; and further, that the proof does not show on the part of Spivey, the alleged owner, such exclusive management and control of the property as constituted him the special owner. We can not agree with counsel in this contention. The court was authorized to give the charge in question, and the evidence authorized the jury to find Spivey was the owner of said books, although the general property was shown to be in the pupils. See Linhart v. State, 33 Texas Crim. Rep., 504.

The court did not err in permitting the witness Nabors to name the books which he received from the officers. These were sufficiently identified as the stolen books by other witnesses. Nor did the court err in admitting the testimony of Charles Jones as to the statements made by the two boys (appellant and his codefendant) in his bookstore on the morning after the burglary, that they bought the books from Kerrigan, a book dealer of the city. The two boys were together when they made this statement, and it was the statement of each; and, although Jones was not positive that the boys in the store were the same boys then being tried, yet, in connection with his testimony, these boys were sufficiently identified as the boys who made the statement to him.

There was no prejudice in regard to the remark of the witness George Stevenson that he had been running with the appellant (Lamater) since he had been liberated from the State reformatory. This was not in answer to any question propounded by the State, and, as soon as the answer was elicited, the court promptly excluded it from the consideration of the jury. The testimony regarding the books found at the home of the defendant under an outhouse on his father's lot, a short distance from his residence, shortly after the burglary, was properly admitted. Other testimony showed that they were some of the same books taken at the time of the commission of the burglary, and the fact that they were found concealed on the premises where defendant lived was a circumstance which the jury were authorized to consider. Nor was it error to admit the testimony of the witness that on the morning succeeding the burglary defendant was seen in company with George Stevenson, his alleged accomplice; and we think all the testimony of the witness George Stevenson was properly admitted. The court very properly told the jury that, if they believed from the testimony that defendant and George Stevenson bought the books about which the witness Jones testified from John Kerrigan, or from anyone, they would not consider the books or their possession as a circumstance against appellant. The court might have gone further, and directed an acquittal on this ground; but, in our opinion, he went far enough. This was the explanation given to Jones by appellant and his codefendant, Stevenson; and, of course, all that appellant could require from the court was an instruction to the jury, if they should believe the explanation made by them, which was that they bought the books from Kerrigan, not to consider such possession for any

purpose. We also hold that the charge of the court with reference to George Stevenson as an accomplice was not upon the weight of the testimony.

There being no errors in the record, the judgment is affirmed.

*Affirmed.*