ALVIN CHARLES BLANKENSHIP v. STATE

No. 29,207. December 18, 1957.
Appellant's Motion for Rehearing Overruled
February 19, 1958.
Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) March 19, 1958.

*Percy Foreman,* Houston, for appellant.

*Dan Walton,* District Attorney, *Benjamin Woodall, C. C. Castles* and *Thomas C. White,* Assistants District Attorneys, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is robbery with firearms; the punishment, death.

Since there was almost no conflict in the evidence, it will be stated in narrative form.

At approximately one o'clock in the morning of the day charged in the indictment, appellant arrived at an apartment in Houston and began to play poker with a number of his associates. By 6:00 A.M., being without funds, he left the apartment, saying that he was going to get some more money and would be back. At 7:40 A.M. he presented himself at the entrance of the Bush Stadium where he had formerly been employed and where he had access to the office in which the safe was located and had the responsibility of carrying money to the bank. He made his presence at the entrance known and was admitted by Mr. Gilmore, a 77-year old day watchman who was there alone. He told Gilmore that he had come to get a pair of rubber boots which he had left there, and together they went to the "oil house" where the boots were found. At this juncture, the appellant mentioned that he had also left a jacket, and when Gilmore turned to help look for the jacket the appellant applied a "headlock" to Gilmore and threw him to the floor. The appellant then armed himself with a piece of lumber which resembled a club and demanded Gilmore's money. Gilmore gave the appellant $10.00 from his purse and then the keys to the office. The appellant next forced Gilmore to accompany him to the office, where he opened a cabinet and took therefrom the nightwatchman's pistol. After having so armed himself, the appellant turned his attention to the safe. The combination to the safe had been recorded some time before on the last page of a "telephone index" which was kept on a desk in the office which housed the safe. The appellant referred to this pad and then, while holding the pistol in his left

hand, turned the dial of the safe until it opened. He would pause at each number and observe Gilmore. After having taken a large sum of money from the safe, the appellant closed the safe and wiped off his fingerprints. He then marched Gilmore downstairs to the ladies' rest room, where he announced that he was going to kill him. He shot at Gilmore five times, four bullets penetrating his body, and then hit him over the head with the piece of lumber and cut his throat twice with a knife. Miraculously. Gilmore did not die but lived to identify the appellant, his former co-worker at the stadium.

The appellant left the stadium and a short while later reappeared at the poker game with his pockets full of money. He was arrested that afternoon at three, and at four o'clock he carried the officers to his apartment, where they recovered part of the money and the pistol which was used to shoot Gilmore.

The appellant did not testify in his behalf, and the testimony of the witnesses called in his behalf did not raise any issue as to his innocence.

We have stated only a synopsis of this record; however, a more detailed account would have revealed police work of the highest order which would be a source of pride to any metropolitan center in the world.

We find the evidence sufficient to support the conviction and will discuss the contentions advanced by appellant's eminent attorney on appeal in brief and argument.

He contends that the court's charge is fundamentally erroneous, though not objected to, and that the verdict does not support the conviction because the charge submitted the issue of the taking from the "person or possession" of Gilmore, whereas the indictment charged that the property was taken from the "person and possession" of Gilmore. The indictment charged that the appellant by the use of a firearm took from Gilmore $2930.00, which was the sum shown to have been taken from the safe. Gilmore was in charge of the premises at the time of the taking, and so the safe and its contents were in his possession. Appellant contends that the manner of submission employed by the court "gave the jury a choice of alternatives, one of which had no support in the evidence." We do not agree. Neither the indictment nor the charge could be construed as referring to the first transaction in which the appellant, without the use of a firearm, took $10.00 from Gilmore. This being

so, the verdict necessarily had reference to the transaction which was described in the indictment.

Appellant relies upon Evans v. State, 34 Texas Cr. Rep. 110, 29 S.W. 266. In that case, the accused took a watch from the person of the injured party and other valuables that were not upon his person but were in his possession. The indictment was defective in that the word "possession" was not used. In the charge, the court, *over the objection of the accused,* told the jury that they might convict if they found that the accused took property *from the possession* of the injured party when such had not been alleged. We do not consider such case as authority here.

We have concluded that Reese v. State, 91 Texas Crim. Rep. 457, 239 S.W. 619; Briggs v. State, 2 S.W. 2d 238; and Barfield v. State, 137 Texas Cr. Rep. 256, 129 S.W. 2d 310, relied upon by the state, correctly announces the law of this state relating to robbery and support the affirmance of this case.

It is so ordered.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant re-urges his contention that since the court's charge authorized his conviction upon a finding by the jury that he took the $2,930.00 from the "person or possession" of Gilmore, the injured party, the verdict is without support in the evidence because of the absence of any evidence that he took the sum of money from Gilmore's person.

Under the provisions of Art. 1408, V.A.P.C., which defines the offense of robbery in this state, robbery includes the taking of property from the possession as well as from the person. Reese v. State, 91 Texas Cr. R. 457, 239 S.W. 619; Barfield v. State, 137 Texas Cr. R. 256, 129 S.W. 2d 310.

An indictment which alleges, as in the instant case, that the property was taken from the person and possession of the prosecuting witness may be supported by proof of a taking from his possession only. 37-A Texas Jur., par. 67, page 55; Briggs v. State, 108 Texas Cr. R. 544, 2 S.W. 2d 238.

Under the court's charge the jury was authorized to convict

appellant of the offense of robbery upon a finding that he took the money from the "person or possession" of the injured party. A general verdict was returned by the jury. In such case the verdict will be applied to the offense finding support in the evidence. Adair v. State, 155 Texas Cr. R. 377, 235 S.W. 2d 170. The evidence clearly shows the offense of robbery by taking the sum of money from the possession of the injured party and supports the verdict returned by the jury.

The motion for rehearing is overruled.

Opinion approved by the Court.