CLARENCE GOODRUM V. STATE

No. 34,601.    May 9, 1962

Motion for Rehearing Overruled June 20, 1962

*Howard O. Lake,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Walter A. Carr, Erwin G.*

*Ernst,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is robbery by assault, with a prior conviction for a felony of like character alleged for enhancement; the punishment, life imprisonment.

Appellant's identity as being the same person who had been previously convicted of the offense of burglary in Cause No. 9042 in Criminal District Court No. 4 of Harris County was established.

John Kilgore, 16 years of age, testified that on the date in question he was working alone in the L. & J. Grocery; that appellant and another individual entered the store and asked for change for a dollar bill in order to make a telephone call; that they made the call from a pay phone in the store and departed; that appellant soon returned alone and asked to see the watches that were in a glass case on the counter; that while he was producing the watches appellant announced that it was a holdup and demanded all the money in the cash register; that appellant kept one hand thrust in his pocket; that he was in fear at the time he gave appellant some $70.00 from the cash register; that appellant forced him to lie down on the floor, face down; and that appellant stepped over him to get the watches and other merchandise.

He further testified that after appellant left the store he called the owner of the store and the sheriff's department and that he later identified appellant in a police lineup.

Officers from the sheriff's department testified that after obtaining descriptions from Kilgore they arrested three individuals in an automobile shortly after the holdup, that one of the three was identified as appellant's companion by Kilgore, and that merchandise stolen from the store was found in his possession. The officers further testified that after conversing with the three individuals under arrest and, acting upon information given by them, they went to appellant's house and found him standing in a closet of a rear bedroom behind the clothes.

Appellant did not testify or offer any evidence in his own behalf, and his sole contention on appeal is that the evidence is insufficient to prove ownership or the right of possession of the property taken in any person.

In Barfield v. State, 133 Texas Cr. Rep. 444, 129 S.W. 2d 310, this Court stated the rule regarding possession as used in the definition of robbery as follows:

"In robbery the property must be taken by force and violence, not necessarily from the owner, but from any person in *possession thereof whose right of possession is superior to that of the robber*. The very fact that property is taken from a person by the use of firearms, violence or threatened violence, is, within itself, sufficient to show that the person from whom it was taken was in possession thereof. There would be no occasion to resort to the use of violence directed to a person who is not in possession of property; nor could property be acquired by the means stated from a person who did not have possession thereof." (Emphasis supplied).

In motion for rehearing, Judge Hawkins stated:

"* * * the term 'possession' as used in the definition of robbery has a somewhat broader meaning than as restricted in the statute relating to theft. * * * As early as 1867 it appears that the court sensed a distinction in the character of possession in robbery and theft. In Smedley v. State, 30 Texas 214, 215, we find the following expression: 'It should clearly appear from the indictment that the article taken belongs to some person other than the accused, *or that the party deprived of the possession through violence is entitled to such possession as against the defendant.*' " (Emphasis supplied).

In the case at bar, Kilgore stated that he was working at the L. & J. Grocery, and the facts show that he was the sole occupant of the store and was in charge of the premises at the time of the robbery. His possession of the property as an employee is sufficient under our robbery statute.

The judgment is affirmed.