**People of the State of Illinois, Plaintiff-Appellee, v. Donald Uselding, Defendant-Appellant.**

Gen. No. 52,719.

First District, Third Division.

March 20, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, Assistant Public Defender, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Gerald T. Rohrer, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The defendant, Donald Uselding, was convicted in a jury trial of attempt robbery and sentenced to a term of from two to four years in the penitentiary.

At approximately 9:00 p. m., in January 1967, the complaining witness, Jesse Cummings, left a grocery store on Belmont Avenue in Chicago carrying a bag of groceries and walked toward his car which was parked in front of a restaurant about a block east and across the street. Between the grocery store and the car were elevated tracks crossing Belmont Avenue.

Cummings testified that as he passed under the elevated tracks he observed Uselding, whom he did not know, standing on the curb swinging a piece of metal in his hand. Uselding yelled, "Stop, or I'll hit you with this," and asked him for some money and grabbed his shoulder. Cummings broke away, walked across the street to his car and started to unlock the door. Uselding followed him and pushed him up against the car, smashing the groceries. Uselding said, "Give me four dollars or I'll bash your brains out," and said that Cummings owed him four dollars for a window fan. Cummings called to a squad car which had pulled up nearby and started towards the car. The officers got out of the car and placed Uselding under arrest as he walked over to the car.

One of the arresting officers corroborated Cummings' testimony. He said he and his partner approached Belmont from the north on Wilton Street and saw the two men pressed against each other, apparently engaged in an argument. Cummings raised his hand and cried out, "Hey." As the officer got out of his car, Uselding stepped back from Cummings, dropped an object beneath Cummings' car and yelled profanities as the officer approached them. After arresting Uselding the officer recovered a piece of metal from under Cummings' car and saw on the hood of the car a grocery bag containing broken eggs and a crushed milk carton.

Uselding admitted arguing with Cummings, but denied having a piece of metal in his hand, striking Cummings or

threatening him. He testified that Cummings owed him five dollars for a window fan purchased three or four or five years earlier, when Cummings lived on Eugenie Street in Chicago. He said that Cummings had a 1958 Ford automobile at that time. (On rebuttal Cummings stated that he had lived for a year on Eugenie Street nine years before the trial and had owned a 1958 Ford, but he denied ever buying a fan or anything else from Uselding.) Uselding testified that he was "high" because he had been drinking beer earlier in the evening. He was in the restaurant in front of which Cummings' car was parked and recognized him as he approached his car. He went outside and asked Cummings if he remembered him. Cummings did not and an argument ensued until the police arrived.

Two witnesses for the defense testified that they were in the restaurant before the fracas. Uselding went outside and met Cummings there. They observed the two engaged in a loud argument in front of the restaurant until the police arrived, but did not see a piece of metal in Uselding's hand.

The only contention of the defendant is that the State did not prove beyond a reasonable doubt that he had the specific intent to commit the crime of robbery.

Section 18–1 of the Criminal Code of 1961 (Ill Rev Stats, c 38, § 18–1 (1965)) defines robbery as follows: "A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force," and section 8–4(a) of the same Code (Ill Rev Stats, c 38, § 8–4 (a) (1965)) provides: "A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense."

██ The burden is on the prosecution to prove beyond a reasonable doubt the essential elements of the

crime. The crime of attempt robbery does not involve a completed act, but evidence must show a substantial step taken toward the taking of property from the person or presence of another by the use of force or the threat of imminent use of force, and the intent to that end. People v. Hawkins, 54 Ill App2d 212, 203 NE2d 761 (1964).

■ Intent is defined in section 4–4 of the Criminal Code (Ill Rev Stats, c 38, § 4–4 (1965)) as follows: "A person intends, or acts intentionally or with intent, to accomplish a result or engage in conduct described by the statute defining the offense, when his conscious objective or purpose is to accomplish that result or engage in that conduct." Intent is a state of mind; it cannot be implied as a matter of law (People v. Perry, 23 Ill2d 147, 177 NE2d 323 (1961)) but can be inferred from the words and actions of the defendant and other surrounding circumstances. People v. Moore, 77 Ill App2d 62, 222 NE2d 142 (1966).

The testimony of Cummings established the defendant's intent. Uselding accosted him under the elevated tracks, brandished a piece of metal, demanded money and grabbed his shoulder. After he jerked loose, Uselding followed him across the street, pushed him against his car, squashed a milk carton and eggs, and threatened to bash his brains out if he did not given him four dollars. This was no mere request for payment of a debt. The defendant made known his purpose of taking money and backed up his demand by force and the threat of greater force.

■ The defendant argues that because he was attempting to collect a debt, did not demand all of Cummings' money, argued with him for several minutes and did not flee from the police, intent to rob was not present. The argument proceeds from the false premise that use of force to collect a debt is lawful. The law does

not permit such self-help. Robbery is as defined, and had the defendant obtained money, either by Cummings giving money to him after the use and threat of force, or by forcibly snatching money from the person of Cummings, he would have committed robbery.

The question of intent is for the jury. The testimony of one witness is sufficient to support a conviction if it is positive and the witness credible. People v. Johnson, 24 Ill2d 195, 181 NE2d 164 (1962). The jury must determine the credibility of witnesses and the weight to be accorded to their testimony, and its judgment will not be disturbed unless based on clearly unsatisfactory evidence which leaves a reasonable doubt of the defendant's guilt. People v. Thomas, 409 Ill 473, 100 NE2d 588 (1951). The complainant's testimony was credible and was corroborated by the crushed groceries and the testimony of the arresting officer that the defendant was pressing him against the car and threw a piece of metal under the car. This was sufficient to support the verdict of guilty.

The judgment is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.