**James Houston WEST, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45492.

Court of Criminal Appeals of Texas.

June 7, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction of robbery by assault. Appellant plead guilty before a jury which assessed his punishment at 50 years.

Appellant complains that there was a fatal variance between the proof adduced and the charge in the indictment. He argues that the indictment charges he took from one Eugene Nichols corporeal personal property when in truth and in fact the property taken was not the corporeal personal property of Eugene Nichols.

The record reflects that Nichols was 14 years old and was an employee of the Busy Bee Grocery Store. On the date alleged in the indictment, the owner of the store was present but was in the back of the store. Nichols was operating the cash register and was the person assaulted and from whom the money was taken.

This contention is without merit. A plea of guilty before a jury admits the

existence of all facts necessary to establish guilt, and in such cases the introduction of testimony by the State is for the jurors' benefit in fixing punishment. Fitzsimmons v. State, 471 S.W.2d 858 (Tex.Cr.App. 1971); Williams v. State, 422 S.W.2d 450 (Tex.Cr.App.1968); Miller v. State, 412 S.W.2d 650 (Tex.Cr.App.1967).

Further, this Court has held "that any possession of the victim which is superior to that of the robber is sufficient ownership or possession to be subject to robbery, and that property taken by force and violence from an employee in a grocery store is robbery." Wright v. State, 468 S.W.2d 422 (Tex.Cr.App.1971); Goodrum v. State, 172 Tex.Cr.R. 449, 358 S.W.2d 120 (1962).

There being no reversible error, the judgment is affirmed.