**Roosevelt FORD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47706.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Alfred Thomas, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Gregory Laughlin, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, twenty years' imprisonment.

■ At the outset, appellant contends that the trial court erred in overruling his motion for mistrial when it was brought to some of the jurors' attention that appellant was in custody. The record reflects that during a noon recess some of the jurors were seated in the courtroom. During this time a bailiff brought a handcuffed prisoner into the courtroom through a door in the back of the courtroom. At this time another bailiff told the first bailiff to "bring out Ford, too." The handcuffed prisoner was then removed from the courtroom through the same door. Shortly thereafter, the bailiff escorted appellant into the courtroom. Although appellant was brought through the same door, he was not handcuffed and he was not wearing jail clothing.

Appellant principally relies on Hernandez v. Beto, 443 F.2d 634 (5th Cir. 1971), wherein it was held that "trying Hernandez in his prison clothing infringed a fundamental right—the presumption of innocence." There is nothing in the instant case to show that appellant was seen by any member of the jury in jail clothes or in handcuffs.

Recently in Gonzales v. State, 500 S.W. 2d 154 (Tex.Cr.App.1973), we faced a situation where a bailiff, when instructed by the Court to return the defendant to the courtroom, removed a set of keys from his pocket in front of the jury. What was said in Gonzalez is applicable here:

"To hold that the complained of circumstances in the instant case denied appellant 'the presumption of innocence' to which he is entitled under the Fourteenth Amendment would not only require a significant extension of the holding in Hernandez v. Beto, supra, but would compel an expansion of due process rights, far beyond the dictates of common sense, reason and sound constitutional construction."

Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred in denying his motions for continuance when the State called "a surprise witness, co-defendant, Elmer Thomas, who had not been previously subpoenaed." His third ground of error is that trial court erred in allowing Thomas' testimony in evidence.

■ The record reflects that appellant found out that Thomas would be a witness the day before he testified. A motion for continuance or postponement on the ground of surprise is addressed to the sound discretion of the trial court, and the failure to grant such motion is not error unless there is a showing of abuse of discretion. Guerrero v. State, 487 S.W.2d 729 (Tex.Cr.App.1972). In the instant case, counsel for appellant had ample opportunity to talk to Thomas and in fact did talk to him for at least an hour before he testified. No abuse of discretion has been shown. See also Bradshaw v. State, 482 S.W.2d 233 (Tex.Cr.App.1972), wherein it was held that a defendant is charged with knowledge that a co-defendant may testify.

The trial court did not err in denying the continuance or in admitting Thomas' testimony.

■ In his last ground of error, appellant contends that the ownership of the proper-

ty which was taken was not proven. The indictment alleged that two bottles of wine were taken from the person and possession of M. C. Carithers.

Carithers was night manager at the European Imports at 1310 Telephone Road in Houston. Carithers testified that at the time of the robbery Mrs. Hermilia Martinez was working for him and that only the two of them were working on the night in question.

The record reflects that appellant and Thomas entered the store at 8:45 p. m. on October 5, 1969. Thomas pointed a gun at Carithers and said, "This is a holdup." Thomas then instructed Carithers to take the money out of the cash register and put it in a paper bag. Carithers put the money in the bag and set it on the counter. At this time, appellant took the two bottles of wine. Appellant and Thomas then left the store; however, they forgot to take the money. Carithers testified that he did not consent to the taking of the wine.

It is appellant's contention that since Carithers did not testify that he had care, custody and control of the two bottles of wine, there was no proof that the wine was taken from his possession.

In robbery cases the term "possession" has a broader meaning than it does in theft cases. Barfield v. State, 137 Tex.Cr.R. 256, 129 S.W.2d 310 (1939). Guyon v. State, 89 Tex.Cr.R. 287, 230 S.W. 408 (1921). The purpose of the robbery statute "seems aimed at the protection of the party robbed rather than the security of the property taken." Barfield v. State, supra. We also observe that proof may show that property taken in a robbery is in the joint possession of two or more persons. Guyon v. State, supra; Siddens v. State, 476 S.W.2d 20 (Tex.Cr.App.1972).

We hold that the evidence is sufficient to show that the wine was taken from Carithers' possession.

The judgment is affirmed.

Opinion approved by the Court.