John Elson BOUIE, Appellant,

v.

The STATE of Texas, Appellee.

No. 50305.

Court of Criminal Appeals of Texas.

July 9, 1975.

Rehearing Denied Oct. 22, 1975.

Second Rehearing Denied Nov. 12, 1975.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, and Phyllis Bell, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

No appearance for appellant.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault under our former code. The court assessed punishment at ten years' confinement.

We are confronted at the outset with a fundamentally defective indictment. As in *Lucero v. State,* 502 S.W.2d 128 (Tex.Cr. App.1973) (case 1), the indictment here fails to allege "to whom the property allegedly taken belonged." See *Lucero, supra,* and the authorities there cited.

The judgment is reversed, and the prosecution is ordered dismissed.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

We file this opinion on rehearing because the dissent places such great reliance upon the opinion of this Court in *Clark v. State,* 527 S.W.2d 527 (1975). That reliance is misplaced.

In *Clark,* supra, the sufficiency of the indictment to allege robbery by assault was not in issue. The indictment in *Clark* did allege ownership whereas the indictment in the instant case did not. Therefore, we take issue with the assertion of the dissent that "this Court has held contrary to the present case in *Clark v. State.*" The dissent also asserts, "This Court held [in *Clark*] that it made no difference who owned the property, but it was the possessor of the property that counted." To the contrary, *Clark* merely applied the established rule, stated in Article 21.08, V.A.C.C.P., that ownership may be alleged in the possessor, and found the evidence sufficient on the allegations of both possession and ownership. It did not hold that ownership need not be alleged at all.

The State's motion for rehearing is overruled.

## DISSENTING OPINION ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge.

The conviction was reversed because the State did not allege something in the indictment that was not required in the robbery statute under which he was convicted.

The majority requires the State to allege not only who had possession of the property taken in the robbery but also who owned the property. Article 1408, V.A.P.C. (1925), does not have such a requirement. It provides:

"If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary . . ."

The reversal was based on *Lucero v. State,* 502 S.W.2d 128 (Tex.Cr.App.1974), which held that ownership as well as possession of property must be alleged in a robbery case. This was no doubt done because the district attorney in that case confessed

error. There were some old cases supporting the confession of error. Now that the past mistakes have been called to the court's attention, they should be corrected. The repetition of error does not justify additional error.

The appellant did not file a motion to quash the indictment. He did not urge lack of an allegation of ownership as a ground of error in his appellate brief. There was no claim that possession was alleged in the wrong person. The majority holds that the indictment is fundamentally defective.

Since the opinion was written on original submission, this Court has held contrary to the present case in *Clark v. State,* 527 S.W.2d 527 (1975). In that case this Court wrote:

" . . . appellant contends that there is a fatal variance between ownership of the money as alleged in the indictment and as proved at trial. The indictment alleged ownership in Richard Amos. From the foregoing facts, it is clear that at trial the true owner of the property was shown to be Hubert Kidder. In view of our disposition of appellant's second ground of error, this contention is without merit. Art. 21.08, V.A.C.C.P., provides in pertinent part that in any indictment:

" 'Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. . . . '

"The evidence was sufficient to sustain the jury's conclusion that Richard Amos had possession of the property at the time of the robbery. Hence, it was proper to allege ownership in his person and no variance is shown. *Ford v. State,* supra [502 S.W.2d 160]; *Michaels v. State,* 120 Tex.Cr.R. 553, 49 S.W.2d 444; *Guyon v. State,* 89 Tex.Cr.R. 287, 230 S.W. 408. . . . "

In the second ground of error of the *Clark* case it was contended that the proof

did not show possession of the money to have been in Amos. This Court wrote:

"A charge of robbery by assault may be supported by evidence of a taking by placing in fear from the possession of the victim. Art. 1408, V.A.P.C. The concept of possession in the robbery statute is broader than that of the theft statutes, Arts. 1410 et seq., V.A.P.C. *Barfield v. State,* 137 Tex.Cr.R. 256, 129 S.W.2d 310; *Goodrum v. State,* 172 Tex.Cr.R. 449, 358 S.W.2d 120; *Ford v. State,* Tex.Cr.App., 502 S.W.2d 160. We have frequently said that any right to possession by the victim superior to that of the defendant is sufficient to support a conviction for robbery. *West v. State,* Tex.Cr.App., 480 S.W.2d 640; *Wright v. State,* Tex.Cr.App., 468 S.W.2d 422; *Goodrum v. State,* supra. It is only where the victim of the assault has no right to possession whatsoever that a charge of robbery may not be sustained. Hence, where the taking has been from a store clerk or after an assault upon a watchman, for example, convictions for robbery have been upheld. E. g., *Emerson v. State,* Tex.Cr.App., 476 S.W.2d 686; *Blankenship v. State,* 166 Tex.Cr.R. 51, 310 S.W.2d 579; *Ibeck v. State,* 112 Tex.Cr.R. 288, 16 S.W.2d 232."

We see from the Clark case that the allegation alleged the ownership and possessor of the property to be Amos. The proof showed the owner to be Kidder. This Court held that it made no difference who owned the property, but it was the possessor of the property that counted. If a variance in the indictment as to ownership and proof is immaterial, then it is not necessary to allege ownership, only possession. If ownership does not have to be proved, it does not have to be alleged. If ownership is proved to be in a different person from the one alleged in the indictment and such is not error, then the ownership allegation is surplusage.

If there is a distinguishing feature between the Clark case and the present case, the majority should spell it out. A rule should apply to all cases.

It might be thought by the majority that since Article 1408 is no longer in effect it makes little difference as to the outcome of this case. This is no reason. Even if this were the only case left to be decided, the *Clark* case should be followed. It is later than the *Lucero* case, supra. It was decided after the present case. There are at least five other cases pending in this Court in which the indictments allege only the possession of the property. How many more cases that might be pending is not known.

Further, ownership should not be added as an element to the offense of robbery since it is not required by the Legislature. A pleader should be able to rely upon the statute. Even if ownership were required to be alleged by statute in a robbery case, Article 21.08, V.A.C.C.P., provides where ownership is alleged it may be in one who possesses the property.

Under certain circumstances one could be convicted for taking his own property when he does it at gun point. In such a case it would be senseless to allege ownership in a defendant. Where one has had possession of property for some time and another claims it as a true owner, the claimant should not be encouraged by this Court to take the property by force. Disputes of that kind should be settled by the courts and not by guns. See *Crawford v. State,* 509 S.W.2d 582 (Tex.Cr.App.1974); *Fanin v. State,* 51 Tex.Cr.R. 41, 100 S.W. 916 (1907), and *Frazier v. State,* 170 Tex.Cr.R. 432, 342 S.W.2d 115 (1961). Other jurisdictions do not countenance violent self help as a defense. See *State v. Martin,* 15 Or.App. 498, 516 P.2d 753 (1973); *People v. Uselding,* 107 Ill.App.2d 305, 247 N.E.2d 35 (1969), and *Elliott v. State,* 2 Tenn.Cr.App. 418, 454 S.W.2d 187 (1970). The older cases upon which the *Lucero* case was based were decided upon the replaced and outdated theory that one could not be convicted for taking his own property at gun point and they should be expressly overruled.

We should specifically reject the erroneous application of Article 1408, supra, in the original opinion. This in effect was done in the *Clark* case. We should not encourage use of violent self help to regain property unless he uses reasonable force immediately after the property was taken from him or he was in fresh pursuit of the property as provided for under Section 9.41, V.T.C.A. Penal Code (1974).

The prior reversal should be set aside and the State's motion for rehearing granted and the judgment affirmed.