THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES LEROY ENGLISH *et al.,* Defendants-Appellants.

(Nos. 74—165, 74—166 cons.; 

Fifth District—September 26, 1975.

G. MORAN, J., specially concurring.

Paul Bradley, James R. Streicker, and Lynn Sara Frackman, all of State Appellate Defender's Office, of Chicago, for appellants.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendants-appellants, William Howard Hayes and James Leroy English, were convicted of armed robbery after a jury trial in Madison County. Hayes was sentenced to from 6 to 12 years' imprisonment and English from 12 to 20 years. On appeal, each defendant contends that he was not proved guilty beyond a reasonable doubt and that the court erred in failing to grant a mistrial when evidence of crimes other than the subject of the instant prosecution was brought before the jury. English further contends that the sentence of from 12 to 20 years is excessive.

The incident arose when the two defendants and a third defendant, Roxanne Howard English, arrived at the home of Charles and Dani Reisinger, to collect money owed to Roxanne by Dani. James and Roxanne English had gone to the Reisinger home the previous night but had been sent away by Charles, who was armed with a shotgun. The three defendants arrived the next morning and pushed their way into the apartment after Dani had denied them entrance. Hayes was armed with a sawed-off shotgun and James English with a pistol. Mr. and Mrs. Reisinger

testified that both Hayes and James English threatened them and that English took money from Charles Reisinger. When Dani attempted to prevent this, she was struck on the head with the pistol by English. As soon as the three left, the Reisingers called the police.

Roxanne English was the only witness for the defense. She denied that threats were made and stated that no violence occurred until after Charles Reisinger had given her, and not her husband, James, the money voluntarily. At that point, Dani Reisinger became hysterical and attempted to strike James and Roxanne. To protect Roxanne, James then struck Dani. According to Roxanne, Hayes did not display the shotgun until after this violence had occurred, although she admitted that English held his pistol in plain view throughout the incident. At the time of the robbery neither Charles or Dani Reisinger was armed.

Both Reisingers identified Hayes and Roxanne English and the defense stipulated to the identification of James English who was voluntarily absent from the trial. The defense also stipulated that the three defendants were arrested a short distance from the scene and that a subsequent search of Roxanne revealed two shotgun shells taken from the Reisinger home and $107 in cash. A search of the car disclosed the pistol and shotgun.

■■ We believe there was sufficient evidence to prove beyond a reasonable doubt that the defendants took money from the person or presence of Charles Reisinger by the use of force or the threat of the imminent use of force and while armed with dangerous weapons and thus committed armed robbery. (Ill. Rev. Stat. 1973, ch. 38, par. 18—2.) Although there were several contradictions and discrepancies in the testimony of the witnesses, there was sufficient evidence, if believed by the jury, to convict. It is the duty of the trier of fact to judge the credibility of the witnesses and to determine the weight their testimony is to be afforded. This court will not disturb the jury's findings unless the verdict is so palpably contrary to the weight of the evidence or the evidence so unsatisfactory as to create a reasonable doubt of guilt. (*People v. Clark*, 52 Ill.2d 374, 288 N.E.2d 363 (1972); *People v. Crews*, 38 Ill.2d 331, 231 N.E.2d 451 (1967).) Although not strenuously argued by the defendants, it is suggested that the existence of the debt owed to the defendants by the victims should be considered in our decision. Even assuming that the debt alluded to was valid, it is the law and policy of this State that a creditor may not employ violence, threats, or weapons to collect the debt but should pursue his remedies in the normal channels of peaceful and legal redress. (*People v. Uselding*, 107 Ill.App.2d 305, 247 N.E.2d 35 (1969); *People v. Williams*, 118 Ill.App.2d 341, 225 N.E.2d 44 (1969).

■■ Defendant Hayes contends that his accountability for the acts of

James English was not proved beyond a reasonable doubt. This argument apparently relies solely on the verity of the testimony of Roxanne English. As we have noted, however, the jury could reasonably believe the testimony of the Reisingers that Hayes brandished the shotgun and threatened Charles Reisinger with immediate violence. Thus the only act in which he did not take part was the physical removal of the money from Reisinger, which was accomplished solely by either James or Roxanne English. In addition, Hayes departed with the other defendants and in no way attempted to dissuade them from their course of conduct. The jury had ample evidence to convict defendant as a principal without employing principles of accountability. But in the instant case, the jury was properly instructed both on the elements of the offense and on the principles of accountability and properly could have returned the verdict complained of.

■■ Defendants next contend that they were denied a fair trial by the introduction of evidence of the commission of offenses other than that which was the subject of the prosecution. During the direct testimony of Charles Reisinger, the State asked if Reisinger had made any statements to the defendants on the night before the robbery. Reisinger responded, "That I didn't want them selling speed out of my apartment." The State immediately stopped him and attempted to elicit an answer concerning the gun Reisinger was holding but an objection was sustained that the question was leading. Out of the presence of the jury all defendants moved for mistrial because of the introduction of evidence of unrelated offenses. The State explained that the purpose of the question was to negate a statement by the defense in opening argument that Reisinger had threatened the defendants with the shotgun the night before the robbery and that the State did not expect the answer that was given. The State further noted that the subject of drugs was brought up during *voir dire* to determine if the jury would be prejudiced by the evidence of drug use. Although the *voir dire* was not transcribed and is not a part of the record, the only defense response to this statement was that only the State made such an inquiry of prospective jurors. The court denied the motions for mistrial but admonished the jury that it should not consider in any way the statement made by the witness.

While there is no doubt that reference to offenses other than those being prosecuted is error (*People v. Stadtman*, 59 Ill.2d 229, 319 N.E.2d 813 (1974)), we do not believe that Reisinger's statement in the instant case requires reversal. There is no evidence in the record to support defendant's contention that the State intentionally elicited the answer from the witness. In addition, several other references to drug usage by the victims, elicited both by the State and the defense, coupled with the un-

contradicted statement of the prosecutor that the jury had been cautioned about drug involvement at *voir dire* and the unavoidable implication throughout that the debt owed related to narcotics, rendered Reisinger's statement harmless error beyond a reasonable doubt in the face of the overwhelming evidence of guilt. See *People v. Wilson,* 51 Ill.2d 302, 281 N.E.2d 626 (1972).

██ Defendant James English finally contends that his sentence of from 12 to 20 years' imprisonment is excessive. While the sentence is severe, we believe that it is fully justified by the record. The presentence report reveals several prior felony and misdemeanor convictions and a consistent pattern of antisocial and illegal conduct spanning almost 15 years. The evidence adduced at trial indicates that defendant was the instigator of the instant offense, one of a very serious nature due to the inherent risk to human life. The offense was aggravated when defendant needlessly struck Mrs. Reisinger in the head with a pistol causing an injury requiring medical treatment. We believe that the trial court adequately determined that a sentence greater than the minimum provided by statute was necessary for the protection of the public and that the court did not abuse its discretion in imposing sentence. *People v. Van Gilder,* 26 Ill. App.3d 152, 324 N.E.2d 715 (1975).

The judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

EBERSPACHER, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, specially concurring:

I concur in the result reached in this case; however, I disagree with the rationale of *People v. Van Gilder,* cited by the majority, because it relies on cases antedating the Illinois Constitution of 1970. In *People v. Simmons,* 60 Ill.2d 173, 326 N.E.2d 383 (1975), our supreme court said:

> "Because the circuit court may reinstate the judgment of conviction, it is necessary to consider defendant's contention that the sentences imposed were excessive. Most of the cases cited by the People in support of its argument that the sentences were not excessive antedate the Constitution of 1970, which provides:
>
> 'All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.' Ill. Const. (1970), art. I, sec. 11."
> 60 Ill.2d 173, 182.