William A. ARLINE, Appellant,

v.

The STATE of Texas, Appellee.

No. 50546.

Court of Criminal Appeals of Texas.

Nov. 5, 1975.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for the offense of robbery by assault. The punishment, enhanced under the provisions of Art. 63, V.A.P.C., life.

At the outset, we are confronted with a fundamentally defective indictment. The pertinent part of the indictment charging the primary offense alleged that appellant on or about November 28, 1973, "did then and there unlawfully assault Mark Bossett, hereinafter styled the Complainant, and did by the assault, by violence, and by putting the Complainant in fear of life and bodily injury, fraudulently and against the Complainant's will, take from the person and possession of the Complainant two coats, one pair of boots, one tape recorder, and one clock radio with the intent to deprive the Complainant of the value of the property and to appropriate it to the Defendant's use. . . ."

In *Lucero v. State*, Tex.Cr.App., 502 S.W.2d 128, it was held that an indictment for robbery under Art. 1408, V.A.P.C., was fatally defective where it failed to allege other than by inference to whom the property allegedly belonged. See *Bouie v. State*, Tex.Cr.App., 528 S.W.2d 587 (1975). The pertinent part of the indictment in *Lucero* alleged that on or about March 15, 1972, Tony Lucero "did then and there unlawfully make an assault in and upon Sohrab Azima, hereinafter called Complainant, and did then and there by the said assault, and by violence and by putting the said Complainant in fear of life and bodily injury, and by then and there using and exhibiting a firearm, to-wit: a pistol, fraudulently, and without the consent of the said Complainant take from the person and possession of the said Complainant certain property, to-wit: lawful money of the United States of America with the intent to deprive the said Complainant of the same, and to appropriate it to the use and benefit of the said Defendant. . . ."

An examination of the indictment in the instant case reveals that, like the indictment in *Lucero v. State*, supra, it does not aver to whom the property allegedly taken belonged. Such deficiency renders the indictment fundamentally defective.

The judgment is reversed and the prosecution is ordered dismissed.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

The indictment has been held fundamentally defective because ownership was not alleged. Ownership was not an element of the offense of robbery under Article 1408, V.A.P.C. (1925), which provides that robbery is committed by taking property from the possession of the injured person. Possession was alleged in this. See the dissenting opinion in *Bouie v. State*, Tex.Cr.App., 528 S.W.2d 587 (1975).

The judgment should be affirmed.