**Lyndoll Lener AINSWORTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 50996 & 50997.**

Court of Criminal Appeals of Texas.

Nov. 5, 1975.

**614**

Lyndoll Lener Ainsworth, pro se.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

———

OPINION

ODOM, Judge.

Appellant waived trial by jury and entered pleas of guilty before the court to the offenses of robbery by assault under the former Penal Code. The court assessed punishment in each case at twenty-five (25) years.

We are confronted at the outset .with fundamentally defective indictments. As in *Lucero v. State*, 502 S.W.2d 128 (Tex.Cr. App.1973) (case one), the indictments here fail to allege "to whom the property allegedly taken belonged." See *Lucero v. State*, supra, and the authorities there cited. See also *Bouie v. State*, 528 S.W.2d 587 (Tex.Cr.App., delivered July 9, 1975).

The judgments are reversed and the prosecutions ordered dismissed.

DOUGLAS, Judge (dissenting).

The indictment has been held fundamentally defective because ownership was not alleged. Ownership was not an element of the offense of robbery under Article 1408, V.A.P.C. (1925), which provides that robbery is committed by taking property from the possession of the injured person. Possession was alleged in this. See the dissenting opinion in *Bouie v. State*, Tex.Cr.App., 528 S.W.2d 587 (1975).

The judgment should be affirmed.