**Beverly Louise PITTMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50791.**

Court of Criminal Appeals of Texas.

Feb. 4, 1976.

---

William G. Rosch, III (Court-appointed on appeal), Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for robbery by assault under our former Penal Code. A jury assessed punishment at ten years.

At the outset we are confronted with a fundamentally defective indictment, the charging portion of which alleges that appellant did unlawfully:

> "assault Terry P. White hereafter styled the Complainant, and did by the assault, by violence, and by putting the Complainant in fear of life and bodily injury, fraudulently and against the Complainant's will take from the person and possession of the Complainant money with the intent to deprive the Complainant of the value of the property and to appropriate it to the Defendant's use."

Although the indictment sufficiently alleges the possession of the property taken, the ownership of that property is nowhere alleged. Hence, the indictment is fundamentally defective and cannot support a conviction for robbery by assault. *Bouie v. State*, Tex.Cr.App., 528 S.W.2d 587; *Lucero v. State*, Tex.Cr.App., 502 S.W.2d 128; see 5 Branch's Ann.P.C. (2d ed.), Sec. 2584 at 19, and authorities there cited.

The judgment is reversed and the prosecution ordered dismissed.

DOUGLAS, Judge (dissenting).

It is unfortunate that the majority refuses to correct one of its most obvious errors in the history of this Court in requiring the State to allege and prove who owned the property when an allegation of who possessed the property in a robbery case is all that is required under the statutes passed by the Legislature. See *Bouie v. State*, 528 S.W.2d 587 (Tex.Cr.App.1975), and the dissenting opinion. The old decisions were based upon the fallacious reasoning that one could not be convicted for robbery if he took his own property from another with a gun. This part of the unwritten law of the West is or should be past history. One can be so convicted when the person in possession of the property has a greater right to possession than the owner.

If an owner of a painting lives in New York and a robber takes the painting from one who rightfully possesses it in a museum in Texas, what difference should it make who owns the painting? The violence and robbery would be committed against the person in Texas. Would the New York citizen have to testify that he did not give consent to the robber to use a pistol and take the painting? The previous erroneous court-made rule is not sufficient in itself to require such an error to be followed blindly. Two of the majority would change a rule and hold that previous decisions by this Court should not be followed in determining the admissibility of statements made after arrest in construing Article 38.22, V.A.C.C.P., and its predecessors. See the dissenting opinion in *Butler v. State*, 493 S.W.2d 190, 199 (Tex.Cr.App.1973), where it is stated in a footnote: "Where this Court recognizes a genuine need for change, the overruling of a long line of cases becomes only a secondary consideration. See *Olson v. State*, 484 S.W.2d 756 (Tex.Cr.App. 1972)." If they are ready to overrule seventy or eighty years of decisions construing that statute, why are they not ready to overrule a few cases with a much more erroneous holding. Another court rule of long standing concerning admissibility of

photographs has been changed since these two members have been on the Court. See *Martin v. State*, 475 S.W.2d 265 (Tex.Cr. App.1972).

One member of the majority wrote correctly when he stated:

"Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged in either."

In the same case, the wrong owner was alleged but this Court held that it made no difference, but it was the possessor that had to be proved. See *Clark v. State*, 527 S.W.2d 527 (Tex.Cr.App.1975). If that opinion was good in 1975 then why is it not good in 1976? Shouldn't the trial judges and lawyers be entitled to the reasons why that case does not apply?

According to the *Clark* holding, it is immaterial who is alleged to be the owner, for if there is proof of some owner (not the one named in the indictment) the case is not reversed. In other words the indictment as to ownership was held to be meaningless because the allegation of ownership did not have to be proved as alleged.

*Lucero v. State*, 502 S.W.2d 128 (Tex.Cr. App.1973), cited by the majority, is the main case relied upon in the erroneous decision in *Bouie*. The *Lucero* opinion states that ownership was not alleged. The indictment was not set out in the opinion. In reading that opinion, one cannot tell that there was a good allegation that the property was taken by the robber from the possession of the person assaulted. The basis (if there ever was a valid one) for the old decisions that one could not be guilty of robbery in taking his own property is no longer valid.

In the opinion on motion for rehearing in *Olson v. State*, 484 S.W.2d 756 (Tex.Cr. App.1969), many previous holdings of this Court were overruled even if in dictum. There were at least some reasons to retain the old rules in those cases but better reasons dictated that they be overruled. There is no reason to retain the rule in *Lucero, Bouie* and in the present case. For further authorities see the dissenting opinion in *Bouie*.

Many future cases will no doubt be reversed upon the same ground, but this writer will not write a dissent to those pending on appeal but will be ready to change the erroneous decisions when two other judges are willing to do so.

If the majority should hold that robbers who have been finally convicted upon indictments or informations which do not contain allegations of the judge-made rule or judicial amendment to the robbery statute, there will be further dissents.

This conviction should not be reversed.